IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JEVANTAE T. JESTER,

    Plaintiff,

v.                              CV 322-016

DR. AYODELE AYEDUN; ANTOINE
CALDWELL, Warden; and BRIAN
CHAMBERS, Warden,

    Defendants.

O R D E R

Plaintiff Jevantae T. Jester, an inmate at Johnson State Prison in Wrightsville, Georgia, filed his complaint on February 22, 2022 pursuant to 42 U.S.C. § 1983. On June 27, 2022, the United States Magistrate Judge entered a Report and Recommendation ("R & R") recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 8.)

Plaintiff was granted two extensions within which to file any objections to the Report and Recommendation. When he filed his objections on September 2, 2022, Plaintiff sought leave to file an amended complaint. The Magistrate Judge granted his request and attached a Standard Form Complaint for Plaintiff to use. (Doc. No. 15.) The Magistrate Judge warned Plaintiff that the Statement of Claim section of the Standard Form Complaint "must not exceed

six handwritten pages attached to the standard form."[1]  (Id. at 2.)  Plaintiff then requested to extend the imposed page limit. The Magistrate Judge denied the motion and reminded Plaintiff that an amended complaint exceeding the six handwritten page limit would not be accepted.  (Doc. No. 18.)

Plaintiff filed his amended complaint on November 3, 2022, and included with the standard form complaint forty-six handwritten pages, including a thirty-page fact section.  (Doc. No. 19.)  This Court rejected the non-compliant amended complaint and adopted the Report and Recommendation of June 27, 2022, thereby dismissing the complaint for failure to state a claim upon which relief may be granted.  (Doc. No. 20.)

On November 22, 2022, Plaintiff filed a motion for reconsideration.  He explains that he did not understand that the page limit applied to all handwritten attached pages; he suggests that the page limit only applies to the "statement of claims" so therefore he should not be penalized for the additional pages pertaining to factual allegations and other aspects of his amended complaint.

The Court has reexamined Plaintiff's amended complaint. While pro se pleadings are to be construed liberally, such filings must still comply with the rules of civil procedure, and pro se litigants must abide by court orders.  Federal Rule of Civil

---

[1] In his original filing, Plaintiff had attached twenty-six pages to the Standard Form Complaint.

Procedure 8(a)(2) and (d)(1) requires a short and plain statement of a claim supported by allegations that are "simple, concise, and direct." As mentioned, Plaintiff includes thirty pages of facts, a review of which shows that Plaintiff included far more than what is necessary to support his claims. Plaintiff's amended complaint is long-winded, legalistic, repetitive, and far from simple and concise. For instance, many of the facts are recitations of dialogue between Plaintiff and medical personnel. Also, the first eight and half pages provide the same information required and given in the standard form complaint. Importantly, Plaintiff's submission flouts the Magistrate Judge's clear directive; Plaintiff's explanation provided in his motion for reconsideration is spurious given that he knew enough to seek to expand the page limit prior to filing the amended complaint. In short, Plaintiff failed to abide by the Court's instruction, and the Court will not reconsider the dismissal. Plaintiff's motion for reconsideration (doc. no. 22) is **DENIED**.

Plaintiff filed a Notice of Appeal on December 8, 2022, and seeks to proceed on appeal *in forma pauperis*. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." See 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it is frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). Here, the Court can discern no non-frivolous issues to raise on appeal; thus,

the appeal has not been taken in good faith. Plaintiff's motion to proceed *in forma pauperis* on appeal (doc. no. 24) is **DENIED**.

Finally, Plaintiff has filed a motion for a copy of the case record. He states that he did not make copies of the submissions he made to the Court. Simply, Plaintiff is not entitled to free copies of court documents, including his own pleadings, even though he was granted *in forma pauperis* status in this case. See Jackson v. Fla. Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012). Plaintiff should rest assured that the Eleventh Circuit Court of Appeals will have access to the entirety of the case record. Plaintiff's motion for a copy of the case record (doc. no. 28) is **DENIED**. Nevertheless, the Clerk is instructed to send a courtesy copy of the docket sheet to Plaintiff.

**ORDER ENTERED** at Augusta, Georgia this 7th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE

4